1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

10

11

JOHN G. WESTINE,                    )         Case No. CV 08-4766-R (JWJ)
                                    )
12              Petitioner,          )
                                    )
13       v.                          )         MEMORANDUM AND ORDER
                                    )         DISMISSING ACTION WITHOUT
14  JOSEPH NORWOOD, Warden,          )                  PREJUDICE
                                    )
15              Respondent.          )
                                    )
16  _____ )

17

18                          **I.  BACKGROUND**

19          On July 21, 2008, Petitioner John G. Westine, proceeding <u>pro se</u>, filed a

20  "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (c) (3) by a

21  Person in Federal Custody Under [5] Section § 2255 Known as the "Escape

22  Hatch" (hereinafter "Petition").[1]  The Court has screened the Petition pursuant

23  to 28 U.S.C. § 2243, the Federal Rules of Civil Procedure and the Local Rules

24  of the Central District of California.

25  _____

26       [1]  Petitioner attached an unnumbered series of pages labeled "Emergency Motion"
    (hereinafter "Attachment").  For clarity, this Court has numbered the Attachment pages
27  as "1" through "4."  On August 4, 2008, petitioner filed a document titled "Request for
    a Court Order Immediate Release Of Prisoner 28 USC § 2243."  On September 4, 2008,
28  petitioner made an additional filing labeled "Issue Never Denied On Merits 'Immediate
    Release Prisoner.'"  These documents purport to set forth his arguments in more detail.

1     Petitioner was sentenced in the United States District Court for the

2  Southern District of Ohio.  (Petition, p. 2.)  He is currently incarcerated at

3  U.S.P. Victorville in Adelanto, California.  (Petition, p. 2.)  Petitioner

4  previously filed a motion under 28 U.S.C. § 2255 in the United States District

5  Court for the Southern District of Ohio, wherein Petitioner argued the

6  following: "(1) counsel rendered ineffective assistance; (2) the prosecution

7  failed to disclose evidence favorable to the defense; (3) the forfeiture of his

8  property in addition to his criminal conviction subjected him to double

9  jeopardy; and (4) erroneous information in his presentence investigation report

10  (PSI) was improperly used to enhance his sentence."  Westine v. United States,

11  94 F.3d 645 (6th Cir. 1996).  The district court denied Petitioner's § 2255

12  motion, and the Sixth Circuit affirmed in an opinion from which the foregoing

13  facts have been derived.  Id.

14     Petitioner's § 2241 Petition presently before this Court presents two

15  grounds for relief, to wit: (1) his indictment fails to state a federal offense; and

16  (2) an opinion of the United States Supreme Court, United States v. Santos,

17  76 U.S.L.W. 4341, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008), demonstrates

18  that petitioner is actually and factually innocent of money laundering under 18

19  U.S.C. § 1956.  (Petition, p. 3.)  As discussed below, the Petition is dismissed

20  without prejudice.

21

22                              **II.  DISCUSSION**

23     Federal courts are always under an independent obligation to examine

24  their own jurisdiction, and a federal court may not entertain an action over

25  which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th

26  Cir. 2000).

27     Generally, motions to contest the legality of a sentence must be filed

28  under § 2255 in the sentencing court, while petitions that challenge the

1  manner, location or conditions of a sentence's execution must be brought

2  pursuant to § 2241 in the custodial court.  See Doganiere v. United States, 914

3  F.2d 165, 169-70 (9th Cir. 1990); Brown v. United States, 610 F.2d 672, 677

4  (9th Cir. 1990).  However, under the savings clause of § 2255, a federal prisoner

5  may file a habeas corpus petition pursuant to § 2241 to contest the legality of a

6  sentence where his remedy under § 2255 is "inadequate or ineffective to test

7  the legality of his detention."  28 U.S.C. § 2255; see Moore v. Reno, 185 F.3d

8  1054, 1055 (9th Cir. 1999).  An inquiry into whether a § 2241 petition is

9  proper under these circumstances is critical to the determination of district

10  court jurisdiction because the proper district for filing a habeas petition

11  depends upon whether the petition is filed pursuant to § 2241 or § 2255.

12  Hernandez, 204 F.3d at 865.   Where a petitioner claims that § 2255 provides

13  an ineffective remedy, the district court in which the petition is brought is

14  required initially to rule whether a § 2241 remedy is available under the savings

15  clause.  Id. at 866.

16        Here, petitioner is clearly challenging the validity of his sentence, since

17  he claims that: 1) his indictment fails to state a federal offense; and 2) he is

18  actually and factually innocent of money laundering under 18 U.S.C. § 1956.

19  (Petition, p. 3.)  Thus, petitioner's claims must be addressed in a motion under

20  § 2255 unless he can show that the remedy under § 2255 is "inadequate or

21  ineffective" and therefore, the saving clause would apply in his case.  Although

22  the Ninth Circuit has not fully defined when the remedy under § 2255 is

23  "inadequate or ineffective," the exception is very narrow.  See Ivy v. Pontesso,

24  328 F.3d 1057, 1059 (9th Cir. 2003).

25        Petitioner argues that the Sixth Circuit of the United States Court of

26  Appeals has barred petitioner from any judicial remedy, and thus his only

27  remedy is under the savings clause of § 2255.  (Attachment, p. 3.)  However,

28  this argument is insufficient to meet the narrow savings clause exception.  The

1    savings clause is not invoked merely because petitioner has previously filed a

2    § 2255 motion:  AEDPA's filing limitations on successive § 2255 motions do

3    not render § 2255 inadequate or ineffective.  See Moore, 185 F.3d at 1055;

4    Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  It follows that because

5    courts of the Sixth Circuit have determined to limit petitioner's vexatious

6    filings in those courts, such limitation does not render a § 2255 motion

7    ineffective or inadequate.

8           Section 2255 provides an "inadequate or ineffective" remedy when the

9    petitioner claims to be factually innocent of the crime for which he has been

10    convicted and has never had an unobstructed procedural shot at presenting this

11    claim.  See Ivy v. Pontesso, 328 F.3d at 1060 ("[I]t is not enough that the

12    petitioner is presently barred from raising his claim of innocence by motion

13    under § 2255.  He must never have had the opportunity to raise it by motion."

14    (emphasis added)).

15           Petitioner alleges that his indictment fails to state a federal offense.

16    (Petition, p. 3.)  Petitioner does not indicate whether he raised this claim in his

17    sentencing court, and if not, why he never had an "unobstructed procedural

18    shot at presenting" it.  See Ivy, 328 F.3d at 1060.  Thus, petitioner has failed

19    to meet the requisite standards for proceeding under the savings clause of

20    § 2255 on his § 2241 Petition with respect to this claim.

21           Petitioner also asserts that the Supreme Court's decision in United States

22    v. Santos makes him factually innocent of money laundering.  (Petition, p. 3.)

23    The Santos court clarified the meaning of the term "proceeds" in the federal

24    money laundering statute, 18 U.S.C. § 1956.  United States v. Santos, 128 S.

25    Ct. at 2025.  The Supreme Court held that criminal "proceeds" refer only to

26    criminal profits, not criminal receipts.  Id.  This Court has carefully reviewed

27    petitioner's filings and cannot discern a factual basis for his alleged innocence.

28    Though Santos makes a distinction between criminal profits and criminal

1   receipts, petitioner's filings do not explain with any clarity how this distinction
2   makes him factually innocent of the money laundering crime.  The relevant
3   evidence which could shed more light on the factual basis for petitioner's
4   conviction was adduced in the Southern District of Ohio, where his trial took
5   place.  Furthermore, this Court is in a substantially inferior position to the
6   Southern District of Ohio to evaluate testimony evidence underlying
7   petitioner's conviction as it is impacted by the <u>Santos</u> opinion.

8          The instant petition is devoid of any indication whether petitioner raised
9   an objection at trial based on the <u>Santos</u> distinction between criminal profits
10  and criminal receipts during his direct appeal of the case, and why he might
11  have been foreclosed from doing so.  Petitioner thus has not alleged why he did
12  not have an "unobstructed procedural shot" at raising this claim.  <u>See</u> <u>Ivy</u>, 328
13  F.3d at 1060.  For the foregoing reasons, petitioner has failed to meet the
14  requisite standards for bringing this claim, pursuant the savings clause of
15  § 2255, under § 2241.

16         Accordingly, this Court construes petitioner's habeas corpus petition,
17  brought pursuant to 28 U.S.C. § 2241, as a motion to vacate, set aside or
18  correct his sentence pursuant to 28 U.S.C. § 2255.[2]  This Court lacks
19  jurisdiction in this matter because a § 2255 petition must be filed in the
20  sentencing court.  See Hernandez, 204 F.3d at 864.  It is further noted that
21  because petitioner has filed multiple § 2255 motions, the Court is not required
22  to provide petitioner with notice and an opportunity to respond prior to

23  _____

24         [2] It is further noted that petitioner has filed over 100 petitions, motions, or
25  appeals contesting his confinement on similar grounds, <u>none</u> of which have been
    meritorious.  It is clear that petitioner is placing an undue burden on the court.  In
26  August 13, 2008, this Court filed a Report and Recommendation that petitioner is a
    vexatious litigant and has abused the Court's process pursuant to Local Rules 83-8.3 and
27  applicable federal law.  (Case No. CV 08-3254-R (JWJ).)  Petitioner filed Objections to
28  the Report and Recommendation on August 27, 2008.  (<u>Id.</u>)

recharacterizing his pro se petition as a § 2255 motion.  See Castro v. United States, 540 U.S. 375, 377, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (holding that "the court cannot so recharacterize a pro se litigant's motion as the litigant's first §2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing") (emphasis added).

Therefore, the Petition is dismissed without prejudice.


**ORDER**

For all the foregoing reasons,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.     The Court finds that this claim is not properly presented as a 28 U.S.C. § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255;

///
///
///
///
///
///
///
///
///
///
///
///

2.    The Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) shall be construed as a motion pursuant to 28 U.S.C. § 2255 and;

3.    This action is hereby dismissed without prejudice.

DATED:_October 7, 2008____

_____

MANUEL L. REAL
United States District Judge

Presented by:

DATED:    October 2, 2008

_____/s/_____

JEFFREY W. JOHNSON
United States Magistrate Judge